# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GWENDOLYN J. MOORE**                                                   **PLAINTIFF**
**VERSUS**                                        **CIVIL ACTION NO. 2:12-cv-35 KS-MTP**
**POLICE OFFICER COOLEY**                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss **[#4]** filed on behalf of the defendants. The Court, having reviewed the motion, the brief in support thereof, the pleadings and exhibits on file, and being advised that the plaintiff has failed to respond thereto, finds that the motion is well taken and should be granted. The Court specifically finds as follows:

This case is prosecuted by a *pro se* claimant. It arises from a traffic stop by a police officer employed by the Town of Prentiss, Mississippi. The traffic stop resulted in the plaintiff receiving two citations; one for making an improper turn, and the other for failure to show proof of liability insurance for the vehicle the plaintiff was driving. The legal basis for the claim is not clear. The factual basis seems to be simply that the plaintiff was not pleased with the officer's demeanor during the traffic stop, and she was not pleased that she received a citation for failure to show proof of liability insurance despite her verbal assurances to the officer that she had such insurance. The totality of the plaintiff's allegations of misconduct against Officer Cooley are that he "was egregiously offensive, intimidating, and menacing," and that the officer "pushed [her] car door onto [her] left hand with a lingering stare of scorn, disdain, and contempt. The Complaint also states that an unnamed officer who is not a defendant herein spoke to

the plaintiff "in the most undignified, unprofessional, unethical, and disrespectful manner," but that allegation has not be made against the defendant, Officer Cooley.

The Complaint does not allege that any physical or emotional injury was sustained by the plaintiff, nor does the Complaint explain what right established by the Constitution or any federal law was violated during the traffic stop.  The Complaint does not allege that the plaintiff was taken into custody or otherwise detained or delayed after receiving the citations.  The defendant asserts that the relief sought by the Complaint is in one part nonsensical, and in another part impermissible.  The Court agrees.

The allegedly nonsensical part of the requested relief is that the plaintiff seeks to have the citation returnable to some unspecified place other than the place specified on the face of the ticket. As an alternative to that relief, the plaintiff requests that the Court require the Town of Prentiss to inform her of the amount of the fine associated with the improper turn citation.  The allegedly impermissible part of the relief requested is the plaintiff's prayer that the citation for failure to show proof of liability insurance be decreed by this Court to be "inaccurate," and that it be "voided" as such.

The defendant has moved the Court to dismiss this matter under Rule 12(b)(6) for failure of the plaintiff to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.

We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[1] *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993) (internal footnotes and citations omitted). See also, *Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007) (other citations omitted).

The Complaint filed herein is non-specific regarding the statutory vehicle upon which it is prosecuted. Because the Complaint appears to be one which attempts to allege a violation of the plaintiff's constitutional or federal statutory rights by a municipal police officer, the Court will view and construe the Complaint under the construct of 42 U.S.C. §1983.[2]

Section 1983 exists to give individuals the opportunity to vindicate their constitutional or federal statutory rights when they have been deprived of those rights

---

[1] Even where the plaintiff fails to respond to the motion, as here, the Court is required to view the facts in the light most favorable to her.

[2] 42 U.S.C. §1983 provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

without due process by a person acting under color of state law. It does not exist to impose upon police officers a requirement that they conduct themselves in a manner that suits the particular sensibilities of the different individuals they encounter while performing their duties. The Complaint filed in this matter presents nothing more than a transcribed grumble about an unwanted and unappreciated visit with a police officer.

The nearest possible cognizable claim that can be spun from the Complaint is one of excessive force. The only allegation in the Complaint which so much as hints at a claim of excessive force is the plaintiff's allegation that Officer Cooley "pushed [her] car door onto [her] left hand with a lingering stare of scorn, disdain, and contempt." When coupled with the plaintiff's grievance that the other, unnamed officer spoke to her "in the most undignified, unprofessional, unethical, and disrespectful manner," it appears that the plaintiff was more concerned with the "lingering stare of scorn, disdain, and contempt" than any alleged pushing of a car door onto her hand.

"To maintain a §1983 claim for excessive force, [plaintiff] had to show that he was seized and that he 'suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *See, Schmidt v. Gray*, 399 Fed.Appx. 925, 928 (5th Cir. 2010); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). The Complaint herein wholly fails to claim that the plaintiff suffered any physical or emotional injury. The Complaint fails as a matter of law to assert an actionable claim for excessive force. There is no other claim that is even potentially cognizable therein and no other named defendant.

The *Younger* Doctrine also supports dismissal of plaintiff's Complaint. Miss.

Code Ann. §63-15-4(2)(a) provides as follows:

> Every motor vehicle operated in this state shall have an insurance card maintained in the vehicle as proof of liability insurance that is in compliance with the liability limits required by Section 63-15-3(j). The insured parties shall be responsible for maintaining the insurance card in each vehicle.

Miss. Code Ann. §63-15-4(3) provides, among other things, that a violation of Section 63-15-4(2)(a) is punishable by a one thousand dollar fine. The statute requires not only that the vehicle be insured, but also that the insured party have proof of the insurance at all times in the vehicle. It is the violation of this statute that the plaintiff alleges she was cited for, her protestations of innocence notwithstanding.

In *Younger v. Harris*, 401 U.S. 37 (1971), the U.S. Supreme Court announced the rule that federal courts should abstain from deciding any civil rights claim brought by a person being prosecuted for a matter arising out of the same set of facts. The plaintiff's prayer that this Court decree the citation for failure to show proof of liability insurance be determined to be 'inaccurate and erroneous" and "voided" as such is plainly prohibited by the *Younger* doctrine. That part of the Complaint dealing with the citation for failure to show proof of liability insurance should be dismissed for this reason alone.

Further, to the extent the Complaint is calculated to present a claim against Officer Cooley in his individual capacity, it is barred by the doctrine of Qualified Immunity. The Complaint does not expressly allege that Officer Cooley was acting in his official capacity as a police officer at all times and in doing all things relevant to this action, but that can certainly be fairly inferred from the Complaint.

To overcome the defense of qualified immunity, a plaintiff must show: (1) the

government official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct. *See, Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Further, a plaintiff attempting to establish liability against a state actor in his individual capacity has the requirement to state her claims with particularity pursuant to Fed.R.Civ.P. 7(a). *See, Schultea v. Wood*, 47 F.3d 1427, 30-34 (5th Cir. 1995).

This means that a plaintiff suing a public servant must plead facts which raise an issue as to the illegality of the public servant's conduct at the time of the alleged acts. *Id.*, at 1434. The plaintiff has clearly not fulfilled this requirement. The Complaint here does not allege that anything even untoward happened at the traffic stop. No facts are alleged that even hint that anything done by Officer Cooley rose to the level of illegality that violated a statutory or constitutional right belonging to the plaintiff. For this reason, and for the other reasons set forth in the sections above, the Complaint should be dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#4]** filed herein is granted and the Complaint is dismissed with prejudice. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 22nd day of May, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE